IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CONNEAUT APARTMENTS LTD., et al.,** )  | **CASE NO.  1:16 CV 2272** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| ) | **MEMORANDUM OPINION** |
| **PERLEEN'S GAS SERVICES, INC.,** ) | **AND ORDER** |
| ) | |
| **Defendant.** ) | |

This matter is before the Court on the Motion to Dismiss Amended Complaint Alternatively Motion for Definite Statement (Docket #28) filed by Defendant, Tarrify Properties, LLC ('Tarrify").  Tarrify argues that the Amended Complaint fails to state a Federal claim under Section 101(14) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601.  In the alternative, Tarrify asks that the Court order Plaintiffs to amend their Amended Complaint, arguing that the Amended Complaint is vague and ambiguous, preventing Tarrify from preparing a response.

## Discussion

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) allows a defendant to test the legal sufficiency of a complaint, in this case whether the Court has subject matter jurisdiction over the claims raised by Plaintiffs, without being subject to discovery.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating the motion to

dismiss, the court must construe the complaint in the light most favorable to plaintiffs, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiffs.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Court has reviewed the allegations in Plaintiffs' Amended Complaint, and the Briefs submitted by the Parties, in conjunction with applicable law.  Accepting the factual allegations set forth in the Amended Complaint as true, the contamination at issue involves the commingling of petroleum products and other hazardous substances and, therefore, Tarrify is not entitled to dismissal of Plaintiffs claim under CERCLA's petroleum exclusion.  Furthermore, Plaintiffs have sufficiently pled that a release of hazardous substances occurred, and have sufficiently articulated response costs as contemplated under CERCLA.  The allegations set forth in the Amended Complaint are sufficient to withstand dismissal and are not so vague and ambiguous so as to warrant further amendment pursuant to Fed. R. Civ. P. 12(e).

**Conclusion**

The Motion to Dismiss (Docket #28) filed by Defendant, Tarrify Property LLC, is hereby DENIED.

IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: March 23, 2017